

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Chase Manhattan Centre*  (302) 573-6277
*1201 Market Street, Suite 1100*  FAX (302) 573-6220
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

September 1, 2005

Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware  19801

 Re: **United States v. Willie Anderson**
   **Criminal Action. No. 05-57-JJF**

Dear Judge Farnan:

 The defendant in the above-captioned case has agreed to the terms of the enclosed Memorandum of Plea Agreement. The parties understand that the matter has been set for a change of plea hearing scheduled on September 13, 2005, at 2:00 p.m.

           Respectfully submitted,

           COLM F. CONNOLLY
           United States Attorney

           By: /s/ Richard G. Andrews
           Richard G. Andrews
           First Assistant United States Attorney

pc: Raymond Radulski, Esquire
   Clerk, U.S. District Court

RGA:slb
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 05-57-JJF |
| | ) |
| WILLIE ANDERSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, Willie Anderson, by and through his attorney, Raymond Radulski, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count IV of the Indictment, which charges him with distribution of cocaine base, a/k/a crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

2. The defendant understands that as a consequence of his guilty plea, the maximum sentence for his crime is forty (40) years imprisonment, of which five years are minimum-mandatory, a fine of $2,000,000, lifetime supervised release with a minimum of four years of supervised release, and a $100 special assessment.

3. The United States agrees to move to dismiss Count V of the Indictment as it pertains to the Defendant at the time of the sentencing.

4. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is: (1) on or about April 28, 2005, the Defendant possessed a substance; (2) the substance was cocaine base; (3) the substance weighed more than five grams; (4) the Defendant acted knowingly; and (5) the Defendant acted with the intent that the substance would be distributed to another person.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Based on the defendant's conduct to date, the United States agrees that the defendant should obtain a three level reduction for acceptance of responsibility. The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

6. The Defendant agrees to pay the $100 special assessments the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in

writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>UNITED STATES ATTORNEY

_____ By:_____
Raymond Radulski, Esquire             Richard G. Andrews
Attorney for Defendant                First Assistant United States Attorney


_____
Willie Anderson
Defendant

Dated:


**AND NOW**, this \_\_\_\_\_ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE