NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No: 06-1371

UNITED STATES OF AMERICA,

Appellee

v.

WILLIE ANDERSON,

Appellant

Appeal From the United States District Court
For the District of Delaware
(Crim. No. 05-cr-00057-2)
District Court: Hon. Joseph J. Farnan, Jr.

Submitted pursuant to Third Circuit LAR 34.1(a)
December 11, 2007

Before: MCKEE, CHAGARES, and HARDIMAN, Circuit Judges

(Opinion Filed: June 5, 2008  )

OPINION

McKEE, Circuit Judge.

Willie Anderson appeals the sentence that was imposed following his guilty plea. He argues that it was unreasonable under *United States v. Booker*, 543 U.S. 220 (2005). For the reasons that follow, we will vacate the sentence and remand for resentencing.

**I.**

Inasmuch as we write primarily for the parties who are familiar with this case, we need

1

not set forth the factual or procedural history except insofar as may be helpful to our brief discussion. We review the sentence for unreasonableness pursuant to the sentencing factors listed in 18 U.S.C. § 3553(a). *Booker*, 543 U.S. at 260-61.

Anderson argues that the district court's sentence is unreasonable because the district court failed to adequately consider any relevant § 3553(a) factors other than the sentencing guidelines. Anderson argued at sentencing that other factors including his family history and the nature of his prior offenses justified a sentence below that suggested by the applicable guideline range. Anderson suggested that the mandatory minimum sentence of five years was appropriate. After hearing this argument and the government's rebuttal, the district court stated, "If I want to go outside the guidelines, I have to find a reason. And, ultimately, I couldn't find one. . . the probation officer's presentence [report] recommended a sentence at the low end of the guidelines. . . and I decided to place my confidence in that recommendation." Based on these statements, Anderson argues that the district court placed undue reliance on the guidelines to the exclusion of the other factors that the court should have considered under 18 U.S.C. § 3553(a). We agree.

The district court's statement that a specific reason was needed to impose a sentence outside the guidelines is simply wrong. It strongly suggests that the court intended to impose a guideline sentence unless the defendant could produce sufficient reasons to do otherwise. That is contrary to *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2007). There, we said: "At least one court has held a sentencing judge is presumed to have considered all of the § 3553(a) factors if a sentence is imposed within the applicable guidelines range. *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005). We decline to follow this approach." Rather, in assessing whether a

sentence is reasonable, we examine the record for evidence that the court considered *all* relevant factors under 18 U.S.C. § 3553(a), not just the sentencing guidelines. They are only one such factor. *Cooper*, 437 F.3d at 329. Although we have explained that a sentence within the appropriate guideline range is more likely to be reasonable than one that is outside of that range, we have expressly rejected the view that a within-guidelines sentence is *per se* reasonable. *Id.* at 331. There must still be evidence in the record that the court considered all of the § 3553(a) factors as well as any other appropriate considerations raised by the parties. *Id.* at 332. Given the district court's statement that it intended to impose a sentence under the guidelines unless Anderson could establish that a guideline sentence was not appropriate, it is exceedingly difficult to determine if the court considered a guideline sentence to be *per se* reasonable, or merely relied upon the guideline range as the starting point in considering the other factors under 18 U.S.C. § 3553(a). Given the Supreme Court's recent reiteration in *United States v. Gall*, 128 S. Ct. 586, 596 (2007), that the district court "may not presume that the Guideline range is reasonable," we believe this dispute can best be resolved by remanding the case to the district court. Although the district court did not have the advantage of the Court's discussion in *Gall*, we assume that the court was familiar with the identical admonition in *Cooper*, 437 F.3d at 329-30.

   On remand, the court can clarify the extent to which it considered the other sentencing factors, or impose a different sentence after considering each of the appropriate factors under § 3553(a), if the court did not do that when imposing Anderson's sentence.

**II.**

   Accordingly, for the reasons set forth above, we vacate Appellant's sentence and remand for resentencing consistent with this opinion.

*United States v. Willie Anderson*

No. 06-1371

HARDIMAN, *Circuit Judge*, dissenting.

In its landmark decision in *Booker v. United States,* 543 U.S. 220 (2005), the Supreme Court restored to district judges much of the broad discretion to sentence criminal defendants they possessed prior to the adoption of the United States Sentencing Guidelines in 1984. *See* 543 U.S. at 227. Because I cannot agree with the majority's conclusion that the District Judge in this case abused his discretion when he sentenced Anderson at the bottom of the advisory Guidelines range, I respectfully dissent.

I.

This case is not unlike *Rita v. United States*, 127 S. Ct. 2456 (2007), in which the district court imposed a bottom-of-the-Guidelines sentence of 33 months. *Id*. at 2469. In *Rita*, the district judge listened to the defendant's arguments for leniency, considered and understood the supporting evidence, found that the defendant's circumstances were not atypical, and pronounced the sentence "appropriate." *Id*. Characterizing the judge's explanation as "brief but legally sufficient," the Supreme Court concluded, "[h]e must have believed that there was not much more to say." *Id*. As in *Rita,* the District Court in this case could have been more comprehensive in articulating the rationale supporting Anderson's sentence, but that does not make its sentence legally insufficient.

II.

I agree with the majority that district courts may not presume that within-Guidelines

4

sentences are reasonable. *Gall v. United States,* 128 S. Ct. 586, 596-97 (2007). The majority is also correct to note that, although courts of appeal are free to adopt a rebuttable presumption that within-Guidelines sentences are reasonable, *id.* at 597, this Court has declined to do so. *See United States v. Cooper,* 437 F.3d 324, 331-32 (3d Cir. 2007). Thus, we review all sentences for evidence that the district court considered the other relevant § 3553(a) factors. *Id.* at 329. Because the purpose of this review is simply to ensure that the district court's inquiry did not begin and end with the Guidelines, it is not searching. *See Gall*, 128 S. Ct. at 597. We do not require the district judge to make explicit findings as to each § 3553(a) factor, to state by rote that he or she knows the Guidelines are advisory, or to invoke particular "magic words." *Cooper*, 437 F.3d at 329, 332.

The majority expresses concern that the District Court treated the Guidelines as presumptively reasonable and, consequently, gave insufficient consideration to the other § 3553(a) factors. The majority notes: "it is exceedingly difficult to determine if the court considered a guideline sentence to be *per se* reasonable, or merely relied upon the guideline range as the starting point in considering the other factors under 18 U.S.C. § 3553(a)." The majority resolves this uncertainty against the District Judge. Because I believe the record shows that the District Judge adequately considered the relevant § 3553(a) factors, I would reach the opposite conclusion.

III.

The record in this case demonstrates that, although he did not cite to the subsections of §

3553(a) letter-by-letter as we would prefer, the District Judge's analysis of the applicable sentencing factors was considerably more thorough than the curt review upheld by the Supreme Court in *Rita*. Here, the District Judge considered: "the nature and circumstances of the offense"* and "the history and characteristics of the defendant,"** § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,"*** § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct,"**** § 3553(a)(2)(B); "the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care,

---

\* The judge "agree[d] with the assessment of the probation officer . . . that Mr. Anderson was involved in supplying the drugs for this transaction, and also had some financial dealings with the supplier." App. 47. He noted Anderson's "ability to respond quickly to the confidential informant's request" for cocaine. *Id*. And he made clear to Anderson that he was "not taking into account . . . that on [sic] the transaction there was some rumor of a gun being present." *Id*.

\*\* The judge discussed Anderson's criminal history, stating: "With regard to the criminal history record . . . I've considered the fact that they're misdemeanors, but . . . I find that they're serious enough that I shouldn't grant the reduction and alter the criminal history category." App. 47-48. The judge also informed Anderson that he read the letter submitted by Anderson's fiancee discussing their family situation. App. 39-41, 53.

\*\*\* The prosecutor told the judge: "There has been a judgment that's reflected in the statutory sentencing scheme that crack cocaine sales are a very serious offense." App. 56; *see Rita*, 127 S. Ct. at 2469 (Where the record shows that the judge listened to the parties' arguments and considered and understood the supporting evidence, the judge need not state "explicitly that he . . . heard and considered the evidence and argument.").

\*\*\*\* The judge told Anderson: "I understand that you've been incarcerated since April . . . [a]nd that you have thought seriously about your predicament, and have tried to find avenues that could support your efforts to change your life around." App. 53.

or other correctional treatment in the most effective manner,"***** § 3553(a)(2)(D); "the kinds of sentences available,"****** § 3553(a)(3); "the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines,"******* § 3553(a)(4); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,"******** § 3553(a)(6).

In light of the foregoing, I do not share the majority's concern that the District Judge considered a within-Guidelines sentence to be presumptively reasonable. If this were his belief, the District Judge would have dispensed with the discussion of factors related to §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(D), (a)(3), and (a)(6) in favor of a simple reference to § 3553(a)(4).

---

***** The judge ordered Anderson to "participate in a drug aftercare treatment program at the direction and discretion of his probation officer." App. 59. He also expressed his hope that Anderson would "continue [his] rehabilitative efforts in prison, and come out and be able to be a father to [his] children, a companion to Ms. Walker, and a good citizen." App. 57.

****** The judge listened to defense counsel's argument that "the minimum sentence the Court is required to impose is adequate to meet the requirements of the statute." App. 52; *see Rita*, 127 S. Ct. at 2469. The judge also reviewed Anderson's requests for downward departures and exercised his "discretion to decline to depart in this case." App. 58. Finally, the prosecutor clearly informed the judge that he was not bound by the Guidelines range. App. 55; *see Rita*, 127 S. Ct. at 2469.

******* The judge told Anderson: "[T]he break you're going to get is you're going to get the low end of the guideline range, 108 months." App. 57.

******** The prosecutor informed the judge that "the Court sentenced the co-defendant, Eric Samson" to 121 months, and "his sentencing guideline range was 121 to 151 months." App. 55; *Rita*, 127 S. Ct. at 2469. Moreover, the prosecutor said, "based on my knowledge of the case, I believe . . . it's appropriate that Mr. Anderson's guideline range is less than Mr. Samson's was." App. 55.

Accordingly, I believe that the District Judge concluded — like the sentencing judge in *Rita* — that Anderson's circumstances were "simply not different enough" to place his case outside the "minerun of roughly similar [crack-cocaine] cases" to which the Guidelines range is appropriately applied. *Rita*, 127 S. Ct. at 2469.

The majority also suggests that the Supreme Court's recent decision in *Gall*, which further *expanded* the discretion of sentencing judges, supports vacating Anderson's sentence. I disagree. In rejecting the use of rigid formulas for determining how convincing a judge's explanation of a sentencing decision must be, *Gall,* 128 S. Ct. at 595, the Supreme Court found it "uncontroversial that a major departure [from the Guidelines] should be supported by a more significant justification." *Id*. at 597. By reverse inference, a sentence at the bottom of the Guidelines range, like Anderson's, should not require a lengthy explanation. *Rita*, 127 S. Ct. at 2469. Measured against this standard, the District Court's explanation was more than sufficient.

IV.

In addition to expecting a lengthier explanation from the District Judge than the law requires, *Rita*, 127 S. Ct. at 2469, the majority's decision largely overlooks our second sentencing priority: "creating a fair and uniform sentencing regime across the country." *Cooper*, 437 F.3d at 331 (quoting *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005)). The Guidelines continue to play an important role in this regard. As the majority recognizes, we have stated that a within-Guidelines sentence is "more likely to be reasonable than one that lies outside" the Guidelines range. *Id*. For this reason, the Guidelines provide "a natural starting point" and "benchmark" for the district court's sentencing decision. *Id*.; *Gall*, 128 S. Ct. at 596

8

n.6 ("[D]istrict courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.").

In this case, the majority expresses discomfort with the judge's statement: "If I want to go outside the guidelines, I have to find a reason." If this were all the District Judge had said, I would agree with the majority that the Guidelines supplanted the other § 3553(a) considerations. But the District Judge said much more. *See Section III, supra.* Given this context, I find that he merely relied upon the Guidelines as the starting point in tailoring his sentence to Anderson's specific situation. I find this reliance appropriate and consistent with the post-*Booker* precedents of the Supreme Court and this Court.

V.

In sum, because the District Court considered the relevant § 3553(a) factors, did not place exclusive or presumptive reliance on the Guidelines, and imposed a sentence that was both procedurally and substantively reasonable, I would affirm Anderson's sentence.